IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

THOMAS WEATHERLY,

Petitioner,

v.

UNITED STATES OF AMERICA.

Respondent.

Civil Action
No. 16-3017 (AET)

OPINION

**THOMPSON, District Judge:**

## I. INTRODUCTION

This matter comes before the Court on Petitioner Thomas
Weatherly's (hereinafter, "Petitioner") motion to vacate, set
aside, or correct his sentence pursuant to 28 U.S.C. § 2255.
(Docket Entry ("D.E.") 1). Petitioner filed his original pro se
§ 2255 motion on May 26, 2016. (*Id.*). On Petitioner's behalf,
the federal public defender filed a § 2255 motion contending
that Petitioner's sentence violates due process. Specifically,
the § 2255 motion argues that, following the decision in *Samuel
Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Samuel
Johnson*"), Petitioner no longer qualifies as an armed career
criminal. (D.E. 4 at 1-2). Respondent United States of America
("Respondent") filed an answer (D.E. 10) and corrected answer
(D.E. 14), to which Petitioner filed a reply on January 1, 2017.
(D.E. 15). Respondent also submitted a letter regarding

supplemental authority from the Third Circuit after Petitioner's § 2255 motion was fully briefed. (D.E. 16).

Based on the parties' written submissions and the Court's review of the record, and for the reasons stated herein, the Court denies Petitioner's motion to vacate his sentence. No certificate of appealability will issue.

## II. BACKGROUND

### A. Federal Offense And Sentencing History

On August 31, 2005, Trenton police found Petitioner inebriated in an alleyway with a loaded semi-automatic pistol tucked in his pants. (*United States v. Weatherly*, No. 06-00258, Pre-Sentence Report, at ¶¶ 10-13; *United States v. Weatherly*, No. 06-0258, D.E. 43; *United States v. Weatherly*, 525 F.3d 265, 267 (3d Cir. 2008)). Given his criminal history, the United States charged Petitioner with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (No. 06-00258, D.E. 1). Petitioner's first trial (No. 06-00258; D.E. 21-25, 28-35 and 43-46) ended in a mistrial when the jury could not reach a verdict. (No. 06-00258, D.E. 26). The retrial ended with a guilty verdict. (No. 06-00258; D.E. 43).

At his December 15, 2006 sentencing, Petitioner argued that enhancing his sentence on the basis of judicially-found facts regarding his prior convictions would violate the Sixth Amendment. (D.E. 14 at 22-23).

2

The Court rejected Petitioner's request for a variance and sentenced him to 200 months' imprisonment (Petitioner's "Sentence"), which was in the middle of the United States Sentencing Guidelines advisory range of 188 to 235 months.[1] (No. 06-00258, D.E. 48; D.E. 14 at 23-24). This Court stated:

> Mr. Weatherly's pre-sentence report chronicles his history, his offense conduct for this particular offense which counsel have noted necessitated two trials here ... ... [I]t's the criminal history of this defendant that puts the case in a context whereby a long jail term could be anticipated. And it is true going through the defendant's history from a relatively youthful time in his life there has been one arrest after another, one conviction after another, weapons charges, burglary charges, possession of weapons, ultimately a murder, drug convictions.

(D.E. 14 at 30).

Challenging his conviction and sentence on direct appeal, Petitioner asserted that the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutional because the jury, not the United States District Court, should determine whether any of his prior convictions qualify as "violent felonies" or "serious drug offenses" under 18 U.S.C. § 924(g)(1). *United States v. Weatherly*, 525 F.3d 265, 274 (3d Cir. 2008).

---

[1] *See* United States Sentencing Comm'n. Sentencing Guidelines Manual, § 4B1.1 (effective Nov. 1, 2012) (available at www.ussc.gov/guidelines/archive)).

The Third Circuit affirmed his conviction and sentence in a precedential opinion. *Weatherly*, 525 F.3d at 274. On October 6, 2008, the Supreme Court denied Weatherly's petition for a writ of certiorari. *Weatherly v. United States*, 555 U.S. 866 (2008).

On May 24, 2016, Petitioner filed his first motion under 28 U.S.C. § 2255. (D.E. 1). His appointed attorney — the same counsel who represented him at trial and on direct appeal — supplemented the § 2255 motion on June 16, 2016. (D.E. 4). The motion argues that Petitioner no longer qualifies as an armed career criminal, following the *Samuel Johnson* decision. (D.E. 4 at 1-2). Petitioner's offense and sentencing history pertinent to his § 2255 motion includes:

*Juvenile Offenses*: As a juvenile, Petitioner was arrested for breaking and entering, immoral conduct, assault, and injury to property. He was admitted to Youth Correction on March 31, 1966. (No. 06-00258, Pre-Sentence Report, at ¶ 31).

*Breaking and Entering – 1975 and 1977 Guilty Pleas Under N.J. Stat. Ann. § 2A:94-1*: On August 19, 1974, Petitioner broke into a New Jersey gas station. (*Id.* at ¶ 50). On October 18, 1974, Petitioner broke into an apartment in Bellmawr, New Jersey and stole property. (*Id.* at ¶ 52). On April 28, 1977 and November 17, 1975, he pled guilty to these charges, respectively. (*Id.* at ¶¶ 51, 53). Petitioner acknowledges that his breaking and entering convictions were pursuant to N.J.

4

Stat. Ann. § 2A:94-1, the predecessor statute to N.J. Stat. Ann. § 2C:18-2. (D.E. 4 at 6-7).

*Assault With A Deadly Weapon -- October 1975 conviction under California Penal Code § 245(a)*: Petitioner pled guilty in the fall of 1975 to assault with a deadly weapon, in violation of Cal. Penal Code § 245(a). (D.E. 14 at 35-36 and 56-64). He was sentenced to three years' probation, conditioned upon spending one year in county jail, with 133 days' jail credit. (D.E. 14 at 65-79; No. 06-00258, Pre-Sentence Report, at ¶ 53).

*Atrocious Assault and Battery -- April 1977 conviction under then-N.J. Stat. Ann. § 2A:90-1 (two counts)*: Petitioner pled guilty in April of 1977 to two counts of atrocious assault and battery, in violation of former N.J. Stat. Ann. § 2A:90-1 (West 1969). (D.E. 14 at 82-87). He received four months' imprisonment for these convictions, to run concurrently with another sentence. (*Id.* at 87).

*Murder -- August 1977 conviction under former N.J. Stat. Ann. §§ 2A:113-1 and 2A:151-5*: Almost two months after being released from prison on August 18, 1977, Petitioner committed murder by multiple stab wounds to the victim. (D.E. 14 at 88-94; No. 06-0258, Pre-Sentence Report at 11-12). Petitioner pled guilty to murder in violation of former N.J. Stat. § 2A:113-1 (count one) and armed murder in violation of former N.J. Stat. Ann. § 2A:151-5 (count two). He was sentenced on December 22,

1977 to 29–30 years' imprisonment. (D.E. 14 at 93; No. 06-00258, Pre-Sentence Report, at ¶¶ 55-56.).[2]

## III. STANDARD OF REVIEW

Section 2255 provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); see also United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005).

For the reasons explained below, Petitioner is not entitled to habeas relief or an evidentiary hearing.

## IV. ANALYSIS

Prior to Samuel Johnson, the ACCA provided:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that --

---

[2] The Statement of Reasons for Sentence identifies Petitioner both as "Thomas Turner Weatherly" and the Jay Victor Roork alias he used for his California conviction. (D.E. 14 at 35-36, 94).

> has as an element the use, attempted use,
> or threatened use of physical force
> against the person of another; or
>
> is burglary, arson, or extortion, involves
> use of explosives, *or otherwise involves*
> *conduct that presents a serious potential*
> *risk of physical injury to another.*

18 U.S.C. § 924 (e)(2)(B) (emphasis added to pre-*Samuel Johnson*
"Residual Clause").

Petitioner argues that his Sentence violates due process
because none of his prior convictions, except murder, qualify as
ACCA violent felonies after *Samuel Johnson*. The June 2015 *Samuel*
*Johnson* decision held that the ACCA's Residual Clause was
unconstitutionally void for vagueness. (D.E. 4 at 2).

Respondent contends that: Petitioner's § 2255 motion is
procedurally defaulted and untimely; and, in any event, he still
has three qualifying ACCA "violent felony" convictions even
after *Samuel Johnson*. (D.E. 14).

## A. Petitioner's Claims Are Not Procedurally Defaulted And His Motion Is Timely Filed.

The Government first contends that this Court should reject
Petitioner's motion as: (1) procedurally defaulted because he
did not raise his § 2255 motion's arguments at his sentencing or
on direct review (*see* D.E. 14 at 6); and (2) untimely in its
reliance on *Curtis Johnson v. United States*, 559 U.S. 133 (2010)
and *Descamps v. United States*, 133 S. Ct. 2276 (2013) to argue

that his prior convictions do not qualify as violent felonies under the ACCA's elements clause. (D.E. 14 at 6).

The Court disagrees with the Government on both points.

First, procedural default bars a petitioner from bringing a claim via § 2255 when he could have, but did not, raise his claims previously, either on direct appeal or in an earlier habeas petition. *Massaro v. United States*, 538 U.S. 500, 504 (2003). However, Petitioner did not have a *Samuel Johnson* claim that he could have defaulted in the first instance until the United States Supreme Court declared the Residual Clause unconstitutional in 2015.[3] Thus, the Court rejects the Government's procedural default argument. *See United States v. Harris*, 205 F. Supp. 3d 651, 659 (M.D. Pa. 2016) ("[A]t the time [he] was sentenced [on December 18, 2006], the [vagueness] claim does not appear to have been raised in many federal cases ... [A]t the time of sentencing, there were only three decisions from the courts of appeals discussing whether [the Residual Clause] was unconstitutionally vague ... In these circumstances,

---

[3] Petitioner dismisses Respondent's procedural default argument as "purely academic because the [G]overnment is prepared to waive all procedural defenses" if Petitioner is no longer ACCA-sentence eligible. (D.E. 15 at 4; *see also* D.E. 10 at 8).[3] The Government's conditional waiver is not dispositive of the procedural default issue. Petitioner could not have procedurally defaulted his claim based on the 2015 *Samuel Johnson* ruling either at his December 15, 2006 sentencing or during his 2008 direct appeal.

Defendant has shown cause for not raising the residual-clause vagueness claim in his direct appeal as it was not reasonably available at that time").

Second, Respondent's untimeliness argument contends that: (1) Petitioner's motion relies in part on pre-*Samuel Johnson* holdings in *Curtis-Johnson*[4] and *Descamps*[5]; and (2) the motion is thus untimely under 28 U.S.C. § 2255(f)(3)'s one year limitations period.[6] The flaw in the Government's timeliness argument is that, even if Petitioner had claimed prior to his 2016 § 2255 motion that his past crimes do not meet the ACCA's elements clause, any pre-June 26, 2015 effort on his part would have served no purpose. His challenges would have failed, as his assault with a deadly weapon and atrocious assault convictions could have qualified as violent felonies under the Residual Clause. As a result, any attempts to challenge his Sentence based on *Samuel Johnson* would have been fruitless. *See, e.g.,*

---

[4] On March 2, 2010, *Curtis-Johnson* defined "physical force" under the ACCA's elements clause to mean "force capable of causing physical pain or injury to another person." *Curtis-Johnson*, 559 U.S. at 140.

[5] On June 20, 2013, *Descamps* reaffirmed the ruling in *Taylor v. United States*, 495 U.S. 575, 602 (1990) that courts may not apply the modified categorical approach to sentencing under the ACCA when the crime has a single, indivisible set of elements. *Descamps*, 133 S. Ct. at 2281-82.

[6] Section 2255(f)(3)'s period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized ... and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

*Baptiste v. Att'y Gen.*, 841 F.3d 601, 606-15 (3d Cir. 2016) (recklessness-based aggravated assault under New Jersey law is a crime of violence under the Residual Clause of 18 U.S.C. § 16(b), which is in all relevant respects identical to that used in the ACCA).

The Government's timeliness and procedural default arguments are therefore based on faulty premises -- that Petitioner had a cognizable claim following the 2010 *Curtis Johnson* decision, and that he did not need the 2015 *Samuel Johnson* decision for his § 2255 motion's claims to be cognizable. Petitioner did not have such until *Samuel Johnson* declared the Residual Clause unconstitutional. Accordingly, Petitioner could not have raised his motion's *Samuel Johnson* claims before 2015; thus, he could not procedurally default them at sentencing or during direct appeal. Likewise, because the Supreme Court decided *Samuel Johnson* on June 26, 2015, and Petitioner filed his § 2255 motion before June 26, 2016, his motion is not time-barred. *See* 28 U.S.C. § 2255(f)(3); *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).[7]

---

[7] Furthermore, *Descamps* on June 20, 2013 reaffirmed *Taylor*'s ruling as to the modified categorical approach when the crime at issue has a single, indivisible set of elements. *Descamps*, 133 S. Ct. at 2281-82. Thus, § 2255(f)(3)'s one year limitations period -- applicable to claims arising from "newly recognized" rights -- would not apply to claims in Petitioner's motion arising from *Descamps*.

Petitioner's motion is neither time-barred nor procedurally defaulted.

**B. Petitioner's Prior Convictions For Murder, Assault With A Deadly Weapon, And Atrocious Assault and Battery Qualify As Predicate Offenses Under The ACCA**

**1. Petitioner's *Samuel Johnson* Claim**

Under the ACCA, any person convicted of a violation of § 922(g)[8] -- who has previously received at least three convictions for a violent felony or a serious drug offense or both -- is deemed an armed career offender subject to harsher punishments, including at least 15 years' imprisonment. 18 U.S.C. § 924(e)(1).

Petitioner argues that, following *Samuel Johnson*, his state convictions for atrocious assault and battery, burglary, and breaking and entering no longer constitute violent felonies that trigger the ACCA. (D.E. 4 at 2, 7).

**2. Offenses Constituting "Violent Felonies" Under The ACCA**

Under the ACCA, a violent felony is defined as "any crime punishable by imprisonment for a term exceeding one year" that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another ['Elements Clause']; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that

---

[8] As noted *supra*, Petitioner was found guilty and sentenced under 28 U.S.C. § 922 in December 2006. (No. 06-00258, D.E. 48).

11

presents a serious potential risk of physical injury to another" ['Enumerated Offenses Clause']." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). After *Samuel Johnson*, a crime qualifies as an ACCA violent felony and triggers its minimum sentence provisions if the crime either: (1) is one of the four listed offenses in the Enumerated Offenses Clause, 18 U.S.C. § 924(e)(2)(B)(ii); or (2) fits the Elements Clause's definition, by including the specific element of the "use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i). *See, e.g.*, *Nelson v. United States*, No. 16-3409, 2017 WL 150242, at *3 (D.N.J. Jan. 12, 2017).

Petitioner acknowledges that his 1977 murder conviction in violation of N.J. Stat. Ann. § 2A:113-1 qualifies as an ACCA violent felony. (D.E. 4 at 2; D.E. 15 at 2). This Court agrees that this conviction constitutes an ACCA predicate offense.

Therefore, Petitioner has ACCA armed career criminal status if any two of his other prior convictions satisfy either the Elements Clause or Enumerated Offenses Clause. As explained below, Petitioner's (1) assault with a deadly weapon and (2) atrocious assault and battery convictions qualify him for such status.

### a. *Assault With A Deadly Weapon*

Assault with a deadly weapon ("AWDW") is not a listed offense in the Enumerated Offenses Clause. 18 U.S.C. §

12

924(e)(2)(B)(ii). Accordingly, this Court must consider whether

Petitioner's 1975 AWDW conviction under California law (No. 06-

00258, Pre-Sentence Report, at ¶ 53) is categorically a violent

felony under the ACCA's Elements Clause.

At the time of Petitioner's AWDW conviction, the governing

California statute read in pertinent part:

> Every person who commits an assault upon the
> person of another with a deadly weapon or
> instrument or by any means of force likely
> to produce great bodily injury is punishable
> by imprisonment in the state prison for six
> months to life[9], or in a county jail not
> exceeding one year, or by fine not exceeding
> five thousand ($5,000), or by both such fine
> and imprisonment.

Cal. Penal Code § 245(a) (West 1975). Section 245(2) lists

elements in the alternative, thereby defining multiple crimes

and thus rendering the statute "divisible." Using the modified

categorical approach, this Court must determine which of the

alternative elements was integral to Petitioner's AWDW

conviction.

---

[9] The maximum term of imprisonment under § 245(a) was life,
bringing a conviction under that statute within ACCA's
requirement that a "violent felony" crime be punishable by
imprisonment for a term exceeding one year. 18 U.S.C. §
924(e)(2)(B). If Petitioner wished to show that his California
conviction was for only a misdemeanor, he has the burdens of
proof and persuasion. See United States v. Eakman, 378 F.3d 294,
302 (3d Cir. 2004) and United States v. Hollis, 569 F.2d 199,
205 (3d Cir. 1977). That is, he must show that his California
conviction was for only a misdemeanor under § 924(a). He has not
met either burden.

The modified categorical approach allows this Court to "consult a limited class of [extra-statutory] documents (such as indictments, jury instructions, or plea agreement and colloquy) to determine which alternative formed the basis of the defendant's prior conviction." *Mathis v. United States*, 136 S. Ct. 2243, 2247 (2016); *Descamps*, 570 U.S. at 257. The modified categorical approach permits courts "to consult, *for example*, the charging document, written plea agreement, *transcript of plea colloquy*, and any explicit factual finding by the trial judge to which the defendant assented." *United States v. Brown*, 765 F.3d 185, 191 (3d Cir. 2014) (citing *Shepard v. United States*, 544 U.S. 13, 16 (2005) (emphasis added)). *See also Almanza v. Attorney Gen. of the United States*, 723 F. App'x 129, 133 (3d Cir. 2018) ("we look to a limited class of [extra-statutory] documents[,] *for example*, the indictment, jury instructions, or plea agreement and colloquy ...") (emphasis added); *United States v. Kennedy*, 881 F.3d 14, 23 (1st Cir. 2018) (under the modified categorical approach, courts are "looking for something that resembles what we would find in a charging document or jury verdict in a tried case ... The [plea] colloquy [is] relevant because it could very well reflect not just the facts of the defendant's conduct, but also that he was charged with and pled to a particular version of the offense ...") (relying on *Shepard*, 544 U.S. at 20).

The October 27, 1975 plea colloquy transcript in this case
shows that the State of California "accused [Petitioner] of
assault with a deadly weapon. The basis of [the charge] [wa]s
that ... [Petitioner] used a knife upon John Quinn, stabbing him
in the back." (D.E. 10 at 58 ("Plea Transcript")). Petitioner
"enter[ed] a plea of guilty to the charge of assault with a
deadly weapon, *as charged*." (*Id*. at 58, 62) (emphasis added).
Petitioner acknowledged understanding that the charge "allege[d]
on or about the 9th day of July, 1975, [he] committed an assault
with a deadly weapon upon John Quinn." (*Id*. at 59).

As the Plea Transcript indicates that California charged
Petitioner with "stabbing" John Quinn with "a knife" (D.E. 10 at
58), § 245(a)'s two elements that were integral to Petitioner's
AWDW conviction are: (1) a defendant's assault upon the person
of another (2) with a deadly weapon. When a defendant used a
knife in this manner upon another person, California considered
it a deadly weapon under that prior version of § 245(a).[10]

The Court is aware that, at Petitioner's plea hearing, the
Honorable Raymond Choate referred to "some probability or
possibility that you might not have done this, that someone else

_____

[10] *See Hockenberry v. United States*, 422 F.2d 171, 173 (9th Cir.
1970) ("A knife is both a 'deadly weapon' (Pen. C. § 245) and a
'dangerous weapon' (18 U.S.C. § 113(c))"); *People v. Doyle*, 328
P.2d 158, 162 (Cal. 1st Dist. Ct. App. July 16, 1958) (a knife
used to commit a violent injury upon another person is a "deadly
weapon" within § 245(a) of California's AWDW statute).

did it, and that you were simply aiding and abetting, not knowing that, as a matter of fact, it would be an assault with a knife." (D.E. 10 at 58). However, Judge Choate made this statement in the context of considering whether Petitioner's case warranted imprisonment or probation. (*Id.* ("Counsel has persuaded me that this is not a State Prison case for the following reasons ...")). Regardless of this particular statement by Judge Choate in this context, the Plea Transcript's salient points for purposes of modified categorical approach are: California charged Petitioner under § 245(a)'s "with a deadly weapon" element; and Petitioner entered a guilty plea on that charge. (*Id.* at 58, 62 ("the People ... allege[] ... that you used a knife upon John Quinn").) Judge Choate's statement about the "probability or possibility" of aiding and abetting liability is not determinative of the relevant issue before this Court -- *i.e.*, which one of § 245(a)'s alternative elements was integral to Petitioner AWDW conviction. The answer to that question is: "with a deadly weapon." *See* Cal. Penal Code § 245(a).

Having made that determination, this Court now proceeds as it would under the categorical approach. That analysis "calls for a comparison of 'the elements of the statute forming the basis of the defendant's conviction' with the definition of crime of violence ... In the context of determining whether a

16

conviction is a crime of violence, we ask whether 'the use or threat of physical force [against the person of another]' is an element of the offense." *United States v. Chapman*, 866 F.3d 129, 133-34 (3d Cir. 2017), *cert. denied*, 138 S. Ct. 1582 (2018) (citing *Descamps*, 133 S. Ct. at 2281, and *United States v. Brown*, 765 F.3d 185 (3d Cir. 2014)). Federal courts have expressly held that, for purposes of the ACCA's Elements Clause, § 245(a) has as an element the use, attempted use, or threatened use of violent physical force. *See United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009)[11] (relying on *United States v. Heron-Salinas*, 566 F.3d 898 (9th Cir 2009)); *United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1066 (9th Cir. 2018) (citing *Grajeda*); *United States v. Guizar-Rodriguez*, 900 F.3d 1044, 1046 (9th Cir. 2018) (citing *Grajeda*, 581 F.3d at 1992); *United*

---

[11] When assessing whether an offense has as an element the use, attempted use, or threatened use of violent physical force, courts use ACCA precedent and United States Sentencing Guidelines precedent interchangeably. *See, e.g., United States v. Abdullah*, 905 F.3d 739, 747 n.11 (3d Cir. 2018) ("The Armed Career Criminal Act's definition of 'violent felony' is sufficiently similar to the guidelines' definition of 'crime of violence' that interpretations of one are generally applicable to the other") (citing *Chapman*, 866 F.3d at 132 n.3 (3d Cir. 2017) and *Grajeda*, 577 F.3d at 511); *United States v. Hopkins*, 577 F.3d 507, 511 (3d Cir. 2009) ("the definition of a violent felony under" ACCA "is sufficiently similar to the definition of a crime of violence under the Sentencing Guidelines that authority interpreting one is generally applied to the other") (footnote omitted).

*States v. Jimenez-Arzate*, 781 F.3d 1062, 1064-65 (9th Cir. 2015)
(per curiam).

For these reasons, this Court holds that Petitioner's 1975
AWDW conviction in violation of Cal. Pen. Code § 245(a)
qualifies as a predicate "violent felony" offense under the
ACCA's Elements Clause. Petitioner has failed to show that his
AWDW conviction does not qualify under the Elements Clause, and
so he has not met his burden[12] of proving that his sentence
implicated the unconstitutional Residual Clause of the ACCA.[13]
Accordingly, Petitioner's AWDW conviction is a predicate violent
felony offense under the ACCA.

---

[12] Petitioner argues that his burden is "to show only that the
sentencing judge may have used the [R]esidual [C]lause." (D.E.
15 at 3). His argument is unavailing. The law in this
jurisdiction suggests otherwise. *See United States v. Peppers*,
899 F.3d 211, 235 (3d Cir. 2018) ("Peppers has the burden of
proving the merits of his *Johnson* claim, which means he bears
the burden of demonstrating that *his sentence implicated the*
*[R]esidual [C]lause of the ACCA* … [A]lthough Peppers's burglary
conviction cannot qualify as a predicate offense under the
enumerated offenses clause of the ACCA, we conclude that Peppers
has not met his burden of proving that *he was necessarily*
*sentenced under the unconstitutional residual clause* of the ACCA
because he failed to show that the burglary conviction does not
qualify under the elements clause") (emphasis added). In any
event, the sentencing transcript is silent as to the Residual
Clause, as Petitioner acknowledges. (D.E. 15 at 3). Furthermore,
Petitioner has not presented any meritorious arguments ruling
out AWDW as a predicate offense under the Elements Clause.
[13] Petitioner does not argue that his AWDW conviction fails to meet
the ACCA's parameters for a "violent felony" predicate offense.
(*See* D.E. 15 at 2, 4-6) (addressing only Petitioner's atrocious
assault and battery conviction and burglary conviction).

### b. Atrocious Assault & Battery

Atrocious assault and battery ("AA&B") is not a listed offense in the Enumerated Offenses Clause. 18 U.S.C. § 924(e)(2)(B)(ii). This Court must consider whether Petitioner's 1977 AA&B conviction (D.E. 14 at 82-87) is categorically a violent felony under the Elements Clause. Under that provision, any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another" qualifies as a violent felony. *Peppers*, 899 F.3d at 231 (quoting 18 U.S.C. § 924(e)(2)(B)(i)).

At the time of Petitioner's AA&B conviction, the governing New Jersey statute read, in pertinent part:

> Any person who commits an atrocious assault and battery by maiming or wounding another is guilty of a high misdemeanor.

*State v. Crumedy*, 364 A.2d 546, 548 (N.J. Super. Ct. App. Div. 1976) (quoting N.J. Stat. Ann. § 2A:90-1 (West 1969)).[14]

When a statute is indivisible (*i.e.*, it sets forth one set of elements that define one unlawful act) and "has as an element the use, attempted use, or threatened use of physical force against the person of another," it qualifies as a violent

---

[14] Although atrocious assault and battery was a "high misdemeanor" at the time, it carried a maximum sentence of seven years' imprisonment, *State v. Moran*, 372 A.2d 1092, 1092-93 (N.J. 1977), making it a felony for ACCA purposes. 18 U.S.C. § 924(e)(2)(B) (defining "felony" to mean "any crime punishable by imprisonment for a term exceeding one year ...").

felony. 18 U.S.C. § 924(e)(2)(B)(i).

New Jersey state courts have interpreted § 2A:90-1 to proscribe one unlawful act -- "an *assault and battery* that is savagely brutal or outrageously or inhumanly cruel or violent." *State v. Edwards*, 146 A.2d 209, 211-12 (N.J. 1958) (emphasis added) (quoting *State v. Capawanna*, 193 A. 902, 904 (N.J. 1937), *aff'd* 196 A.679 (E. & A. 1938)). *Accord State v. Zelichowski*, 245 A.2d 351, 355 (N.J. 1968); *State v. Boening*, 165 A.2d 203, 206-07 (N.J. Super. Ct. 1960).

New Jersey courts have also interpreted § 2A:90-1 to mean that "[t]he *physical injury suffered* must plainly come within the definitive term 'maiming or wounding,' the very essence of the high misdemeanor classified as atrocious assault and battery." *Edwards*, 146 A.2d at 213 (emphasis added).

Therefore, indivisible § 2A:90-1's proscribed offense has as an element the "intentional employment of something capable of causing *physical pain or injury* to another person." The Third Circuit has determined this qualifies as an offense that has as an element "the use, attempted use, or threatened use of violent physical force." *United States v. Chapman*, 866 F.3d 129, 134 (3d Cir. 2017) (emphasis added) (citing *Descamps*, 133 S. Ct. at 2283), *cert. denied*, 138 S. Ct. 1582 (2018). In *Chapman*, the Third Circuit held that an offense with an element of intentionally causing, or threatening to cause, physical

20

injuries qualifies as an offense that has as an element the use, attempted use, or threatened use of violent physical force. *Id.* at 133-36 and n.8. Under the law of *Chapman*, Petitioner's conviction under New Jersey's AA&B statute -- which criminalized "intentional wounding or maiming through a 'savagely brutal' attack"[15] -- is therefore a violent felony under the ACCA's Elements Clause. The broad range of conduct encompassed by § 2A:90-1 had "as an element the use ... of physical force against the person of another." *Id.* at 135, 138, 145 (citations omitted). Violent physical force capable of causing physical pain or injury to another person is precisely what New Jersey cases required to violate § 2A:90-1. This brings Petitioner's § 2A:90-1 conviction within the ACCA's Elements Clause. *See also United States v. Castleman*, 572 U.S. 157, 169, 170 (2014) ("[T]he knowing or intentional causation of bodily injury necessarily involves the use of physical force ... It is impossible to cause bodily injury without applying force ...").

Petitioner argues that § 2A:90-1 "couch[es] the definition [of AA&B] in the disjunctive." (D.E. 15 at 6). His contention is mistaken. Whether a person committed AA&B by maiming "or" by wounding (*see* D.E. 4 at 5 (citing *Crumedy*)), the salient point

---

[15] *Zelichowski*, 245 A.2d 351, 355 (N.J. 1968) (citing *Edwards*, 146 A.2d 209); *State v. Chiarello*, 174 A.2d 506 (N.J. Super. Ct. App. Div. 1961); and N.J. Stat. Ann. § 2A:90-1.

is that both maiming and wounding require the use or threat of physical force against another person. That is what matters for Elements Clause analysis. *See, e.g., Edwards*, 146 A.2d at 212 ("[T]he word 'wounding,' under these circumstances, should not be given a strained or technical meaning but should be interpreted according to its plain, obvious import, as the word is commonly employed ... To warrant a conviction of [AA&B], the injuries inflicted need not be permanent but they must nevertheless be substantial rather than superficial and should be considered in conjunction with the character of the assault made"). Section 2A:90-1 criminalizes the single unlawful act of assault and battery. The interpretive case law's disjunctive language of "savagely brutal or outrageously or inhumanly cruel or violent" refers to the nature of the assault and battery covered by the state statute. The disjunctive language does not define more than one unlawful act or more than one way to commit the proscribed conduct. (*Cf. D.E.* 15 at 5-6 (erroneously suggesting "multiple methods for violating the same statute")). A defendant has to commit "more than [simply] an unwarranted assault" to violate § 2A:90-1. *Crumedy*, 364 A.2d at 548-49.

Under the New Jersey statute, "the nature of the attack is of paramount importance." *Edwards*, 146 A.2d at 212. New Jersey courts have exhibited "judicial construction of the statute in a realistic rather than literal manner so as to encompass a severe

22

physical beating within the statutory language." *State v. Crumedy*, 364 A.2d 546, 548 (N.J. Super. Ct. 1976) (citing *State v. Riley*, 145 A.2d 601, 607 (N.J. 1958), *app. dism. and cert. den.* 359 U.S. 313, *cert. den.*, 361 U.S. 879 (1959)). "Significantly, the [*Riley*] court noted: 'It would be impracticable to endeavor to spell out a precise rule which would, in futuro, automatically decipher the difference on all occasions between simple assault and battery and atrocious assault and battery no matter what the facts might be.'" *Id.* (citing *Riley*, 145 A.2d at 607).

In short, the disjunctive language upon which Petitioner focuses (D.E. 15 at 5-6) gives meaning to the singular conduct proscribed by "the amorphous language of 'atrocious assault and battery.'" *Crumedy*, 364 A.2d at 549. That is, the terms "savagely brutal," "outrageously or inhumanely cruel," and "outrageously or inhumanely violent" inform the concept of the nature of § 2A:90-1's aggravated assaults. Those assaults are different than simple assault and battery covered by other statutory codifications. *See State v. Maier*, 99 A.2d 21, 23 (N.J. 1953)). Section 2A:90-1's disjunctive terms do not create different unlawful acts or create multiple ways of violating the statute. *See State v. Capawanna*, 193 A. 902, 903 (N.J. 1937), *aff'd* 196 A.679 (N.J. 1938) ("It should also be noticed in passing that the statutory provision is in the disjunctive so

that any grave or cruel assault and battery may be atrocious which results in the maiming or wounding of another"); *Tiberi v. Petrella*, 159 A.2d 439, 442 (N.J. Super. Ct. 1960) ("The obvious purpose of the statute was to categorize such offenses as aggravated assaults and thus to distinguish the degree of criminality involved from that of the simple assault which is now punishable as disorderly conduct").

The Court notes that Petitioner also contends his AA&B conviction does not categorically require enough force to satisfy *Curtis Johnson*. (D.E. 14 at 7). However, the controlling law in this jurisdiction directly holds to the contrary (*see Chapman*, 866 F.3d 133-34 (no "minimum quantum of force [is] necessary to satisfy [*Curtis*] *Johnson*'s definition of 'physical force'"). Furthermore, Petitioner's insufficient-force contention is at odds with New Jersey cases interpreting § 2A:90-1. *See State v. Crumedy*, 364 A.2d 546, 548 (N.J. Super. Ct. 1976) (§ 2A:90-1 "connote[s] more than an unwarranted assault").

Also worth noting is the fact that New Jersey's AA&B statute does not share the same requisite-force issues that the *Curtis Johnson* Court identified with Florida's battery statute. Florida's law proscribed the merest touching, which is insufficient to meet the Elements Clause's "physical force" requirement. Conversely, New Jersey's AA&B statute was

"interpreted [by New Jersey courts] in broad terms to connote more than an unwarranted assault accompanied by a battery or a touching." *Crumedy*, 364 A.2d at 548. Thus, *Curtis Johnson* does not disqualify a § 2A:90-1 conviction from constituting an ACCA predicate offense.

Petitioner's AA&B conviction is an ACCA predicate offense.

### 3. Petitioner Has Three Requisite Offenses Constituting "Violent Felonies" Under The ACCA

Petitioner's prior murder conviction, AWDW conviction, and AA&B conviction are "violent felony" predicate offenses, qualifying him as an ACCA armed career offender subject to at least 15 years' imprisonment. 18 U.S.C. § 924(e)(1). Given that these convictions constitute the three requisite ACCA prior "violent felonies," the parties' arguments concerning his 1994 burglary conviction (*see* D.E. 14 at 17; D.E. 6 at 15) do not warrant discussion in this Opinion. (D.E. 14 at 17).

For these reasons, the Court denies his § 2255 motion.

### C. Certificate Of Appealability

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court denies a certificate of appealability because jurists of reason would not find it

debatable that Petitioner has not made a substantial showing of the denial of a constitutional right.

**D. Conclusion**

For the reasons stated above, the Court dismisses with prejudice Petitioner's Motion to Vacate, Correct, or Set Aside his sentence. The motion lacks merit under 28 U.S.C. § 2255(a). No certificate of appealability shall issue. An accompanying Order will be entered.

**DATED:** _____ , 2019

ANNE E. THOMPSON
U.S. District Judge